# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD PLAZA PIZZA GROUP, LLC, ) )       Plaintiff, ) ) vs. ) ) THE CINCINNATI INSURANCE ) COMPANY, ) )       Defendant. ) _____/ | CASE NO.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Millard Plaza Pizza Group, LLC. ("Plaintiff"), by its attorney, The Saathoff Law Group, PC, LLO, for its Complaint against Defendant, The Cincinnati Insurance Company ("Defendant") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for Breach of Contract and Bad Faith.

2. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

3. A cause of action exists under Nebraska law for claims regarding the conduct complained of herein.

4. Jurisdiction is proper as to Defendant pursuant to 28 U.S. Code § 1332 because diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Jurisdiction.

**FACTS COMMON TO ALL COUNTS**

6. Defendant issued insurance policy number EPP02717133 to Plaintiff, with effective dates of September 1, 2014 to September 1, 2017, that provided coverage for the property located at 13955 S. Plaza, Omaha, Nebraska 68137. A copy of the policy is attached as **Exhibit "1."**

7. The policy is a commercial property coverage policy.

8. The policy covers damages resulting from hail.

9. The policy covers damages resulting from wind.

10. The policy covers direct physical damage caused by hail.

11. The policy covers direct physical damage caused by wind.

12. The policy does not include a Hail Cosmetic Damage limiting endorsement.

13. The policy includes replacement cost coverage.

14. The policy includes code upgrade coverage.

15. The policy does not include an endorsement limiting recovery for damages caused by wind or hail.

16. On or about, June 29, 2017, Plaintiff incurred direct physical loss due to hailstorm ("the loss") to its property. Damages resulting from the hailstorm, whether caused by hail and/or wind are covered under the policy.

17. On August 29, 2017, the subject location was inspected by Defendant.

18. Defendant refused to acknowledge the extent and severity of the damage.

19. Specifically, Plaintiff's property suffered storm created openings from this event that Defendant is ignoring.

20. The intended purpose of the roofing system has been compromised.

21. Despite Plaintiff's efforts to patch the roofing system in multiple areas, Plaintiff's roof continues to have problems.

22. Despite the severe damage, Defendant has failed to pay what is owed.

23. Plaintiff timely reported its claim to Defendant.

24. Plaintiff complied with all post-loss conditions under the policy.

25. Defendant's failure to pay owed insurance benefits to the Plaintiff after a direct physical loss occurred is a breach of the contract of insurance.

## **COUNT I: BREACH OF CONTRACT**

26. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-25 above by this reference.

27. Pursuant to the policy, Defendant has a contractual obligation to pay the full amount of the loss, including the cost to repair, restore, and/or replace the damaged property, less applicable deductibles.

28. Defendant breached the policy by failing to pay Plaintiff all benefits due and owing under the policy.

29. Defendant has inspected this property and estimated that only $49,559.82 in Replacement Cost benefits are owed to Plaintiff for all damages incurred at the property, which is insufficient in order to properly remediate the loss.

30. Plaintiff retained a certified meteorologist and a licensed engineer to review Defendant's coverage decision.

31. Mr. Frank Gaetano with HailTrace, performed a hail impact report in order to determine what the weather conditions were on June 29, 2017 at the loss location.

Mr. Gaetano identified hail up to 2.50" in diameter and wind gusts up to 50 MPH. A copy of Mr. Gaetano's report is attached as **Exhibit "2."**

32. Mr. Greg Kaszas with GRK Consulting Engineers, Inc. performed a site inspection on August 16th and 17th, 2018.

33. GRK Consulting Engineers, Inc., concluded the property's roofing system suffered direct physical damage. Further, the damages incurred to the roofing system rises to the level of functional hail damage and should not be considered superficial or cosmetic in nature.

34. GRK Consulting Engineers, Inc., also concluded that the damages warrant a full roof replacement. A copy of GRK Consulting Engineers, Inc.'s report is attached as **Exhibit "3."**

35. Plaintiff's Public Adjuster, Premier Claims, also performed an in-detail inspection of the property. It is the opinion of Premier Claims that the total amount to indemnify the insured of its loss is $1,337,073.62.

36. Defendant did not request a reinspection of the property.

37. Defendant did not request to meet with Plaintiff's retained professionals to discuss the loss.

38. Defendant failed to adequately respond to Plaintiff's correspondence.

39. Defendant did not request a recorded statement with its insured.

40. Defendant did not request an examination under oath of its insured.

## **COUNT II: BAD FAITH**

41. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-40 above by this reference.

42. Defendant wrote and sold the policy purchased by the Plaintiff intending to provide benefits for covered losses such as hail and wind storms.

43. Plaintiff paid insurance premiums to bind the policy.

51. Under the policy, Defendant owes Plaintiff the duty of good faith and fair dealing to fully and fairly adjust Plaintiff's claims.

52. Defendant has the obligation to treat Plaintiff fairly.

53. Defendant has the obligation to retain competent adjusters to adjust Plaintiff's claim.

54. Defendant has the obligation to place Plaintiff's financial interests at least equal to Defendant's financial interests.

55. Defendant has the obligation to retain unbiased engineers and failed to do so.

56. Defendant has the obligation to ensure Defendant's retained engineers apply the proper standards as defined by the policy.

57. Defendant has the obligation to properly apply the terms of the policy to Plaintiff's loss and failed to do so.

58. Defendant has the obligation to pay for the roof replacement as a result of this loss and has failed to do so.

59. Defendant has the obligation to consider any all information provided to Defendant by Plaintiff and/or Plaintiff's representatives during the adjustment of Plaintiff's loss.

60. Defendant breached its duties by:

a. conducting incomplete, inadequate, and/or outcome-oriented investigations into the loss in order to avoid paying all benefits due, including ignoring interior water damages resulting from the leaking roof as a result of this storm;

b. refusing to consider Plaintiff's professionals' report regarding the loss;

c. misleading Plaintiff as to the terms, conditions, and coverage under the policy for the loss;

d. retaining outcome-oriented experts that routinely deny claims for Defendant,

e. denying coverage, delaying payment, refusing to pay, and failing to pay for the repairs and line items set forth herein as a matter of course, rather than as a result of fully and fairly investigating the losses; and

f. denying Plaintiff's claim without a reasonable basis to do so.

62. Defendant's denial of Plaintiff's claim caused Plaintiff financial distress and pecuniary loss.

63. Defendant knew or should have known that that its decision to deny Plaintiff's claim in part or in whole would cause Plaintiff financial distress and pecuniary loss.

64. Defendant's breach of its covenant of good faith and fair dealing amounts to bad faith breach of the insurance contract, causing Plaintiff to incur injuries, damages, and losses in amounts to be determined at trial.

WHEREFORE, Plaintiff, Millard Plaza Pizza Group, LLC, respectfully requests that the Court enter judgment in favor of Plaintiff, Millard Plaza Pizza Group, LLC, against Defendant, The Cincinnati Insurance Company, in the amount of $1,337,073.62, minus any prior payment and applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

### DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

By: *s/ Matthew P. Saathoff*
Matthew P. Saathoff, Esq.
The Saathoff Law Group, PC, LLO
14707 California Street, Suite 1
Omaha, Nebraska 68154
Telephone: (402) 333-8488
Facsimile: (402) 333-8020
Email: matt@saathofflaw.com

-and-

Larry E. Bache, Jr.
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
Email: lbache@merlinlawgroup.com

*Attorneys for Plaintiff*